Filed 8/30/23  P. v. Pintor CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062067 |
| v. | (Super. Ct. No. 10NF1124) |
| RAFAEL PINTOR, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Rafael Pintor of two counts of attempted murder with premeditation and deliberation (Pen. Code, §§ 187, subd. (a), 664; counts 2 and 3)[1] and active participation in a criminal street gang (§ 186.22, subd. (a); count 4).[2] The jury also found true allegations that counts 2 and 3 were committed for the benefit of or to promote a criminal street gang (§ 186.22, subd. (b)(1)) and defendant vicariously discharged a firearm causing great bodily injury to promote, further, and assist in criminal conduct by gang members with regard to count 2 (§§ 12022.53, subds. (d), (e)(1), 186.22, subd. (b)). Defendant admitted a prior serious felony conviction (§ 667, subd. (a)(1)) and prior strike conviction (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)).

The court sentenced defendant to an indeterminate term of 39 years to life, plus a determinate term of five years for the prior serious felony. In 2015, another panel of this court affirmed a modified judgment. (*People v. Pintor* (Sept. 16, 2011, G049653) [nonpub. opn.].)

In August 2022, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[3] The trial court summarily denied defendant's petition for resentencing. Defendant timely filed a notice of appeal. His appointed counsel advised the court he was unable to find an issue to argue on defendant's behalf and requests that we review the entire record. (*People v. Wende* (1979) 25 Cal.3d 436.) Consistent with *Anders v. California* (1967) 386 U.S. 738, appointed counsel also identified the following issue to assist in our independent review: whether the trial court

---

[1] All further statutory references are to the Penal Code.

[2] The court granted the prosecution's motion to dismiss one count of conspiracy to commit murder (§ 182, subd. (a)(1), 187, subd. (a); count 1). To avoid any confusion, we refer to the counts as they were alleged and numbered in the information.

[3] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

prejudicially erred by determining defendant was ineligible for resentencing relief as a matter of law. Defendant was given the opportunity to file written argument on his own behalf, but he has not done so. Although defendant has not filed a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's *Wende* brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.


FACTS

In August 2022, defendant filed a petition for resentencing. In his petition, defendant averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The court appointed counsel for defendant, received additional briefing from the prosecution, and conducted a prima facie hearing. The court then denied defendant's petition for resentencing. The court held the jury instructions and verdict forms established defendant was ineligible for relief as a matter of law. The court noted defendant "presented a self-defense theory at trial based on the jury's receipt of CALCRIM [No.] 505." The court also indicated the jury received CALCRIM No. 625 regarding voluntary intoxication but emphasized the jury did not receive any instructions

3

regarding vicarious liability, conspiracy, or natural and probable consequences. Instead, the jury was given instructions pertaining to aiding and abetting liability (CALCRIM Nos. 400, 401) and attempted murder (CALCRIM Nos. 600, 601) "which required that the jury find [defendant] acted with intent to kill in order to convict him of attempted murder as either the direct perpetrator or direct aider and abettor." The court concluded, "The jury's guilty verdict thus necessarily establishes that it found [defendant] acted with specific intent to kill when he committed the attempted murders."

DISCUSSION

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (§ 1172.6, subd. (a)(1).) Effective January 1, 2022, Senate Bill No. 775 amended section 1172.6 to expand resentencing eligibility to persons convicted of attempted murder. (Stats. 2021, ch. 551, § 2.) In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including "the trial evidence, the jury instructions, and closing arguments of counsel." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, defendant's petition lacks merit because the record of conviction establishes he was not convicted of attempted murder under a natural and probable consequences theory. The information alleges defendant "did unlawfully, and with the specific intent to kill, attempt to murder" the victims. It further alleges defendant did so

4

"willfully, deliberately and with premeditation." There is no mention of "natural and probable consequences." The jury also was never instructed on the natural and probable consequences doctrine. Instead, the jury received instructions pertaining to aiding and abetting liability (CALCRIM Nos. 400 & 401). The court did *not* instruct on aiding and abetting based upon natural and probable consequences (CALCRIM Nos. 402 & 403). The jury was further instructed it could find the deliberation and premeditation allegation on the attempted murder counts true if defendant "intended to kill," "carefully weighed the considerations for and against [his] choice and, knowing the consequences, decided to kill," and "decided to kill before acting." (CALCRIM No. 601.) The record accordingly demonstrates defendant was not convicted based upon the natural and probable consequences theory.

## DISPOSITION

The postjudgment order is affirmed.


SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

5